IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARRYL TORNEY GIBSON,
    Plaintiff,

vs.                              Case No.: 3:18cv2163/MCR/EMT

DAVID NEIL SLOCOVICH,
Inmate #P36608,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, commenced this case by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Upon review of Plaintiff's Complaint, the undersigned recommends that this case be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.    BACKGROUND

    Plaintiff names David Neil Slocovich, another FDOC inmate, as the sole Defendant in this case (ECF No. 1 at 1–2). Plaintiff claims that Inmate Slocovich violated his Eighth Amendment rights by attacking him on August 19, 2018 (*id.* at

5–7). Plaintiff seeks compensatory damages from Inmate Slocovich for physical injuries he suffered as a result of the attack (*id.* at 7).

II.   DISCUSSION

The court is statutorily required to review Plaintiff's Complaint to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Section 1983 of Title 42 of the United States Code provides for the recovery of monetary damages for an alleged violation of a right secured by the Constitution or other federal laws where two essential elements are present: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* Parratt v. Taylor, 451 U.S. 527, 535,

101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).  A private party does not normally act under color of state law and is therefore not subject to suit under section 1983.  *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970).  "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes," Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992), and none of those circumstances are present in this case.  While Plaintiff may be able to sue Inmate Slocovich in state court for battery, he may not maintain a § 1983 action against Inmate Slocovich in this federal court.  Therefore, dismissal of Plaintiff's Complaint is warranted.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).  However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  Here, Plaintiff's § 1983 claim is unarguably without legal merit, and the pleading deficiency cannot be cured by amendment.  Therefore, this action should be

dismissed, with prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED with prejudice**, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

2. That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this 6th day of December 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**